No. 25-2048

In the

# United States Court of Appeals
# For the Seventh Circuit

LIGHTZEY,
*Defendant-Appellant*,

v.

LOUIS POULSEN A/S
*Plaintiff-Appellee*

Appeal from the United States District Court for the Northern District of Illinois,
No. 1:24-cv-04260

**MEMORANDUM OF JURISDICTIONAL AUTHORITY**

On June 24, 2025, this Court issued an order directing Defendant-Appellant to file, by July 8, 2025, "a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction." (Dkt. 2, No. 25-2048). For the reasons shown below, the Court should allow this appeal to proceed because there is jurisdiction.

I. **District Court Proceedings**

On May 23, 2024, Plaintiff-Appellee filed this case at the United States District Court for the Northern District of Illinois against a total number of 436 defendants listed in

1

Schedule A attached to the complaint. Doc. 1 (N.D. Ill. May 23, 2024).[1] No crossclaim has ever been asserted between Appellant and the other defendants. Appellant did not assert any counterclaims against Appellee. On September 2, 2024, Appellee voluntarily dismissed with prejudice all causes of action against Appellant under Rule 41(a)(1) of the Federal Rules of Civil Procedure. Doc. 55 (N.D. Ill. Sept. 2, 2024). On October 7, 2024, the Appellant filed motion for attorney fees and costs. Doc. 68 (N.D. Ill. Oct. 7, 2024). The district court issued an order denying Appellant's fee motion on May 28, 2025. Doc. 89 (N.D. Ill. May 28, 2025). Appellant timely appeals this order on June 19, 2025. Doc. 92 (N.D. Ill. Jun. 19, 2025). There is no pending unresolved claim against Appellant.

**II.     Legal Principles**

The final-judgment rule, codified in 28 U.S.C. § 1291, preserves the proper balance between trial and appellate courts and promotes the efficient administration of justice. *Microsoft Corp. v. Baker*, 582 U.S. 23, 36-37 (2017). Therefore, the Supreme Court has recognized that "finality [under § 1291] is to be given a practical rather than a technical construction." *Eisen v. Carlisle & Jacquelin*, 417 U. S. 156, 171 (1974). A decision is final for purposes of §1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U. S. 229, 233 (1945). Generally, a dismissal with prejudice under Federal Civil Procedure Rule 41(a) operates as an adjudication on the merits, and terminates the case. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541-42 (6th Cir. 2001) ("A voluntary dismissal with

---

[1] All citations to the Northern District of Illinois are to the district court docket in this case, No. 1:24-cv-04260.

prejudice operates as a final adjudication on the merits . . . [and] the stipulation is the legally operative act of dismissal and there is nothing left for the court to do.").

Post-judgment decisions on requests for attorneys' fees are appealable independently of the merits. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). In *Sonni v. General Electric Co.*, this Court distinguished *Budinich* and held that appellate review of pre-judgment decisions about fees shall be deferred until the litigation is over. *Sonii v. Gen. Elec. Co.*, 359 F.3d 448, 449 (7th Cir. 2004) (citing *Cunningham v. Hamilton County*, 527 U.S. 198 (1999)). In the context of an employment-discrimination case, this Court further provided that a three-step process should be completed at district court for the legal fee order to become appealable: (1) entering a final judgment dismissing the suit with prejudice; (2) determining whether that judgment makes the appellant a prevailing party; and (3) making a definitive award of legal fees. *Sonii*, 359 F.3d at 450.

### III. Analysis

Recognizing that this case is not an employment-discrimination case, Appellant submits that it meets the *Sonii* three-step requirement. First, Appellee has already voluntarily dismissed with prejudice all causes of action against Appellant, which operates as an adjudication on the merits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Second, a voluntary dismissal with prejudice makes defendant the prevailing party. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (dismissal under Rule 41(a)(2), with prejudice, after a plaintiff gives up makes the defendant the prevailing party). Third, since the district court denied Appellant's fee motion, making the awarded amount zero and therefore definitive. Doc. 92 at 4 (N.D. Ill. Jun. 19, 2025). Therefore, this

case meets the requirement of Sonii, making the district court order denying the fee motion an appealable final decision under § 1291.

IV. **Conclusion**

For these reasons, this Court has jurisdiction under § 1291 to hear this appeal from the final order of the district court denying Appellant's motion for attorneys' fees and costs.

DATED: July 8, 2025   Respectfully submitted,

By: */s/ J. Benjamin Bai*

J. Benjamin Bai

King & Wood Mallesons LLP
500 Fifth Avenue, 50th Floor
New York NY 10110
212 319 4755 (phone)
917 591 8167 (fax)
benjamin.bai@cn.kwm.com

*Attorney for Appellant*