No. 25-2048

# United States Court of Appeals
# For the Seventh Circuit

Louis Poulsen, A/S
*Plaintiff-Appellee*

v.

Lightzey
*Defendant-Appellant*

Appeal from the United States District Court
for the Northern District of Illinois
No. 24-cv-04260

RESPONSE TO APPELLANT'S MEMORANDUM REGARDING
JURISDICTION OF THE COURT

On July 8, 2025, following a preliminary review of Defendant-Appellant Lightzey's Jurisdictional Memoranda of that date [3, 4], this Court ordered Plaintiff-Appellee Louis Poulsen A/S ("Louis Poulsen") to file a response to those memoranda, and also to address Plaintiff's post-judgment dismissal of Shenzhen Qianhai Baihuixin Invest Industry Company Limited ("Qianhai") without prejudice, in light of the Court's decision in *West v. Louisville Gas & Elec. Co.,* 920 F.3d 499 (7th Cir. 2019) [5].

## I. Defendant Qianhai's Dismissal Without Prejudice Will Not Reopen the Matter in the District Court.

Defendant Qianhai was properly served with the Summons, Complaint and Temporary Restraining Order in the District Court proceedings on July 11, 2024 via alternative service under Fed. R. Civ. P. 4(f)(3). District Court ("Dist. Ct.") ECF No. 37. Qianhai and Louis Poulsen

subsequently executed a settlement agreement on July 30, 2024. Declaration of James E. Judge, ¶ 2. Settlement funds were never received because the defendant insisted that they be deducted from its Alipay account, which Alipay has advised is illegal under Chinese law. *Id*. Because there was an executed settlement agreement pending payment, Defendant Qianhai was omitted from the list of defendants on Plaintiff's motion for default judgment. *Id.* ¶ 3. Following this Court's order of June 24, 2025, Plaintiff voluntarily dismissed Defendant Qianhai without prejudice to its inclusion in a future action by Plaintiff for the same trademark infringement and counterfeiting. *Id.* ¶ 4. Plaintiff does not intend to move to reinstate Case No. 24-cv-04260. *Id.* ¶ 5.

The situation before this Court differs in one significant way from *West*, supra. In that matter, this Court concluded that the Plaintiff and one of the two defendants, Louisville Gas and Electric Company ("LG&E"), had entered into an agreement to dismiss LG&E without prejudice so that an appeal could be taken against the remaining defendant, Charter Communications, which the District Court had dismissed on a motion. *West,* 920 F.3d at 500. The agreement provided that if this Court reversed and remanded the dismissal of Charter, West would have a right to reinstate his claims against LG&E once the District Court received the Mandate. *Id.* This Court characterized the order dismissing Charter "manifestly not a final decision," due to West retaining the unrestricted right to reinstate his claims against LG&E. *Id.,* at 504. By contrast, Louis Poulsen dismissed Qianhai in order to finally terminate this action, not to preserve any appellate strategy or immediate right of reinstatement. The possibility of future litigation against Qianhai is independent of this case and will not involve a reopening of the underlying district court docket.

## II. The District Court's Final Default Judgment Order Terminated the Case

One additional distinction of this case vis-à-vis *West* is that the District Court's Minute Order (ECF No. 62) terminated the case, with one defendant dismissed without prejudice in the

course of the hearing on Plaintiff's Motion for Default Judgment. *Id.* The written Order granting Default Judgment (ECF No. 66) was titled "Final Default Judgment Order" and stated on its last page, "This is a Final Default Judgment." ECF No. 66, Page ID 3072. Following that judgment, the only thing for Plaintiff to do was to seek enforcement, which it has done. The dismissal of Defendant Qianhai merely tied up a loose end. Unlike the situation in *West*, the outcome of this appeal does not trigger any recourse available to Defendant-Appellant Lightzey with regard to Qianhai.

Dated: July 18, 2025

Respectfully submitted,

/s/ James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com