No. 25-2048

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

————————————

LOUIS POULSEN A/S,

*Appellee-Plaintiff*,

v.

LIGHTZEY,

*Appellant-Defendant.*

————————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division,
District Judge Jorge Alonso
No. 1:24-cv-04260

————————————

**APPELLANT'S OPENING BRIEF**

————————————

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
(212) 319-4755
benjamin.bai@cn.kwm.com

*Counsel of Record for Appellant*

(*Additional counsel on signature page*)

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument. This appeal will require the Court to interpret the laws and evaluate facts regarding a district court's discretion related to award of fees. Oral argument may assist the Court in resolving these issues.

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-2048

Short Caption: Louis Poulsen A/S v. Lightzey

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Lightzey

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

King & Wood Mallesons

King & Wood Mallesons LLP

(3)    If the party, amicus or intervenor is a corporation:

   i)    Identify all its parent corporations, if any; and

   Waves HK HOLDINGS LIMITED

   ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

   N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ J. Benjamin Bai          Date: July 21, 2025

Attorney's Printed Name: J. Benjamin Bai

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ✔    No ☐

Address: 50th Floor, 500 Fifth Avenue, New York, NY 10110

Phone Number: 212 319 4755          Fax Number: 917 591 8167

E-Mail Address: benjamin.bai@cn.kwm.com

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 25-2048

Short Caption: Louis Poulsen A/S v. Lightzey

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Lightzey

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

King & Wood Mallesons

King & Wood Mallesons LLP

(3)    If the party, amicus or intervenor is a corporation:

i)    Identify all its parent corporations, if any; and

Waves HK HOLDINGS LIMITED

ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Haolu Feng                    Date: July 21, 2025

Attorney's Printed Name:  HAOLU FENG

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** [ ]    **No** [✔]

Address:  17th Floor, One ICC, Shanghai ICC 999 Huai Hai Road (M), Shanghai 200031, P.R. China

Phone Number: +86 21 2352 6585                    Fax Number:  +86 21 2412 6150

E-Mail Address: harry.feng@cn.kwm.com

rev. 12/19 AK

# Table of Contents

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW .....................................2

STATEMENT OF THE CASE..............................................................2

SUMMARY OF THE ARGUMENT ..........................................................7

ARGUMENT .........................................................................11

I.   Issue A: The District Court Erred in Finding a Colorable Basis for Personal Jurisdiction Where the Only Evidence Consisted of Screenshots of an Interactive Website Accessible in Illinois...................................................11

   1.   Standard of Review ..........................................................11

   2.   The District Court Correctly Recognized the Principles of Purposeful Availment in this Circuit...................................................11

   3.   The District Court Erred by Failing to Apply the Established Pleading Standard to the Plaintiff. ...................................................13

   4.   The District Court Erred by Impermissibly Prioritizing Discovery over the Threshold Question of Personal Jurisdiction. .....................................15

   5.   Mere Accessibility of a Website, Without More, Does Not Provide a Colorable Basis to Establish Personal Jurisdiction.............................................18

II.  Issue B: The District Court Erred in Finding That This Action Was Not "Exceptional" Under 15 U.S.C. § 1117(a) Where the Plaintiff Lacked a Reasonable Basis for Personal Jurisdiction from the Outset and Engaged in Abusive Litigation Conduct. ..........................................................21

   1.   Substantive Strength of Litigation Position.................................22

   2.   Unreasonable Manner of Litigation .........................................25

CONCLUSION .......................................................................30

CERTIFICATE OF COMPLIANCE ........................................................32

CERTIFICATE OF SERVICE ...........................................................33

CIRCUIT RULE 30(d) STATEMENT......................................................34

APPENDIX .........................................................................35

# Table of Authorities

**CASE**

*4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*,

939 F.3d 905 (7th Cir. 2019) ............................................................................22

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,

751 F.3d 796 (7th Cir. 2014) ............................................. 11, 15, 19, 20

*Ashcroft v. Iqbal*,

556 U.S. 662 (2009).................................................................. 14, 15

*B.D. by & through Myers v. Samsung SDI Co.*,

143 F.4th 757 (7th Cir. 2025) ............................................... passim

*be2 LLC v. Ivanov*,

642 F.3d 555 (7th Cir. 2011) ..........................................................19

*Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007)................................................................ 14, 15

*Curry v. Revolution Lab'ys, LLC*,

949 F.3d 385 (7th Cir. 2020) ..........................................................20

*Deckers Outdoor Corp. v. Wolverine Grp. Pty Ltd*,

No. 1:24-CV-3164, 2025 WL 1222471 (N.D. Ill. Apr. 28, 2025) ...................18

*Deitchman v. E.R. Squibb & Sons, Inc.*,

740 F.2d 556 (7th Cir. 1984) ..........................................................33

*Eicher Motors Ltd. v. P'ships & Ass'ns Identified on Schedule "A"*,

No. 25-cv-2937, 2025 U.S. Dist. LEXIS 153243 (N.D. Ill. Aug. 8, 2025).....8, 9

*Gillam v. Abro Kalamazoo 3, Inc.*,

712 F. Supp. 3d 1079 (N.D. Ill. 2024)................................................. 17, 18, 30

*Illinois v. Hemi Grp. LLC*,

622 F.3d 754 (7th Cir. 2010) .................................................... *passim*

*In re Peachtree Lane Associates, Ltd.*,

188 B.R. 815 (N.D. Ill.1995) ............................................................30

*Jennings v. AC Hydraulic A/S,*

383 F.3d 546 (7th Cir. 2004) ..........................................................11

*Jergenson v. Inhale Int'l Ltd.*,

No. 24-1177, 2024 WL 4430531 (7th Cir. Oct. 7, 2024) ..................22

*LG Chem, Ltd. v. Superior Ct. of San Diego Cnty.*,

295 Cal. Rptr. 3d 661 (2022) ..........................................................16

*LHO Chicago River, L.L.C. v. Perillo*,

942 F.3d 384 (7th Cir. 2019) ................................................... 22, 23

*LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*,

988 F.3d 962 (7th Cir. 2021) ................................................... 22, 23

*Matlin v. Spin Master Corp.*,

921 F.3d 701 (7th Cir. 2019) ..........................................................20

*N. Grain Mktg., LLC v. Greving,*

743 F.3d 487 (7th Cir.2014) ............................................................15

*NBA Props., Inc. v. HANWJH,*

46 F.4th 614 (7th Cir. 2022) ......................................... 15, 20, 21, 24

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,

572 U.S. 545 (2014)..........................................................................22

*Shenzhen Aji Fashion Tech. Co. v. WhaleCo Inc.*,

No. 23 CV 14043, 2024 WL 2845974 (N.D. Ill. June 5, 2024) ........13

*U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*,

540 F. Supp. 2d 994 (N.D. Ill. 2008)................................................30

*Vortex, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,

No. 22 CV 4189, 2023 WL 7386059 (N.D. Ill. Nov. 8, 2023) ..........13

*Webber v. Armslist LLC*,

70 F.4th 945 (7th Cir. 2023) ...............................................................14

*Zurich Am. Ins. Co. v. Tangiers Int'l LLC*,

No. 18 C 2115, 2018 WL 3770085 (N.D. Ill. Aug. 9, 2018) ...........................18

## **STATUTES**

15 U.S.C. § 1117(a) ................................................................. *passim*

28 U.S.C. § 1291 ...........................................................................1, 2

## JURISDICTIONAL STATEMENT

Appellant-Defendant Lightzey appeals the May 28, 2025 Order denying its Motion for Attorney Fees. (Dkt. 89).[1] The Order was entered by the Honorable Judge Jorge L. Alonso in the United States District Court for the Northern District of Illinois. Lightzey timely filed its Notice of Appeal on June 19, 2025. (Dkt. 92). The district court had jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, as the action arose under the Lanham Act, 15 U.S.C. § 1051 et seq.

The district court entered a Final Default Judgment Order on September 18, 2024 (Dkt. 66), expressly stating, "[t]his is a Final Default Judgment" (Appx. II at A-88). Plaintiff voluntarily dismissed Defendant Shenzhen Qianhai Baihuixin Invest Industry Company Limited without prejudice on July 1, 2025 (Dkt. 97) "in order to finally terminate this action" (Appx. II at A-200). Plaintiff confirmed that, "[f]ollowing that [default] judgment, the only thing for Plaintiff to do was to seek enforcement, which it has done" (Appx. II at A-201), and further stated, "Plaintiff does not intend to move to reinstate Case No. 24-cv-04260" (Appx. II at A-200). *C.f., West v. Louisville Gas & Elec. Co.*, 920 F.3d 499, 504–06 (7th Cir. 2019) (finding no final judgment where the plaintiff voluntarily dismissed without

---

[1] Citations to the record appear as follows in the brief:
"Appx. I <no.>"—refers to the attached Appendix of materials under Cir. R. 30(a)
"Appx. II <no.>"—refers to the separate Appendix of materials under Cir. R. 30(b)
"Dkt. <no.>"—refers to the appealed District Court case (Case No. 1:24-cv-04260)

prejudice but retained an unrestricted right to reinstate claims).

A decision is final for purposes of § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U. S. 229, 233 (1945). This appeal is from a final order that disposes of all parties' claims. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

A.      Whether the district court erred, as basis of denying Lightzey's Motion for Attorney Fees, in finding that the Plaintiff's reliance solely on screenshots of an interactive website accessible in Illinois provided a colorable basis to establish personal jurisdiction over Lightzey.

B.      Whether the district court erred in finding that this action was not "exceptional" under 15 U.S.C. § 1117(a) where the Plaintiff could not have had a reasonable basis for personal jurisdiction at the outset of this litigation and engaged in abusive litigation conduct.

## STATEMENT OF THE CASE

The website at issue, https://thelightzey.com/ (the "Lightzey website"), is an e-commerce platform selling light products primarily to the U.K. market. (*See* Appx. II at A-126, ¶ 4). It is owned and operated by Waves HK HOLDINGS LIMITED, a Hong Kong company. (*See id.*; Appx. II at A-130). Lightzey has no presence in the United States, except for the fact that the website is accessible from the United

States, including Illinois. (*See* Appx. II at A-126, ¶ 4).

On May 23, 2024, the Plaintiff filed this case against Lightzey and 435 other defendants listed in Schedule A to the Complaint. (*See* Appx. II at A-15 to A-41, A-53 to A-78).[2] The Complaint generally alleges that all defendants counterfeited and infringed Plaintiff's intellectual property rights through online stores. (*See id*. at A-16 to A-17, ¶¶ 3–4). It contains no allegation specific to Lightzey, either directly or indirectly, and does not identify any infringing products sold by Lightzey into the State of Illinois. (*See* Appx. II at A-15 to A-36). As to personal jurisdiction, the Complaint advances a purposeful availment theory, alleging that the defendants' "internet stores" targeted business activities toward Illinois consumers. (*See id*. at A-16, ¶ 2). No evidence, such as actual sales of infringing products into Illinois, was presented to support the above jurisdictional theory. (*See id*. at A-15 to A-36).

On the same day it filed the Complaint, the Plaintiff also moved for leave to file documents under seal (Dkt. 4; Appx. II at A-42 to A-43) and for entry of a Temporary Restraining Order (Dkt. 8).[3] After a hearing, both motions were granted. (*See* Appx. II at A-15 to A-41; Appx. II at A-2). That same day, the district court

---

[2] The Complaint (Appx. II at A-15 to A-41) remains under seal. Lightzey obtained a copy from the Plaintiff's counsel on July 24, 2024 (*See* Appx. II at A-158), which does not include the Schedule A to the Complaint. The Schedule A to the Complaint was reproduced and included in the Sealed Temporary Restraining Order (Appx. II at A-15 to A-41).

[3] Dkt. 8 remains under seal, and the Appellant-Defendant has no access to it.

issued a Sealed Temporary Restraining Order ("Sealed TRO"). (Appx. II at A-15 to A-41; Appx. II at A-2).[4] In the Sealed TRO, the district court found personal jurisdiction over the defendants "in the absence of adversarial presentation." (*See* Appx. II at A-44).

Specifically, the Sealed TRO stated that the Plaintiff "has presented screenshot evidence" showing that "each Defendant internet store does stand ready, willing, and able to ship its counterfeit goods to customers in Illinois." (*Id.* at A-45). Based on those screenshots, the district court found that "Illinois residents can and ***do*** purchase [counterfeit] products [through each Defendant's e-commerce store]." (*Id.*, emphasis added). The district court further concluded that "[p]laintiff has provided a basis to conclude that Defendants ***have targeted sales*** to Illinois residents by setting up and operating e-commerce stores that… ***have sold*** [infringing and counterfeit] products… to residents of Illinois." (*Id.* at A-44 to A-45) (emphases added). With an extension granted, the Sealed TRO expired on June 25. (Dkts. 16 & 18; Appx. II at A-2 to A-3). For inexplicable reasons, Lightzey's Sealed TRO remained in effect after the extended expiration date. (*See* Appx. I at A-1 to A-2).

On July 15, Lightzey discovered that its PayPal account for processing website payments had been frozen, with a note citing the Sealed TRO as the basis.

---

[4] The Sealed TRO (Appx. II at A-15 to A-41) and its exhibits remain under seal. The Appellant-Defendant obtained a copy of the Sealed TRO without exhibits from the Plaintiff's counsel on July 24, 2024. (*See* Appx. II at A-158).

(*See id.* at A-126 to A-127, ¶ 5; *id.* at A-132 to A-135). Lightzey's counsel then contacted the Plaintiff's counsel seeking copies of the sealed court documents and any evidence supporting its claims. (*See id.* at A-127, ¶ 6; *id.* at A-137 to A-160).

In response, Plaintiff provided three screenshots. (*See id.* at A-127, ¶ 8). Two (*id.* at A-162) show a purportedly infringing product placed in an online shopping cart on Lightzey website but do not show a completed purchase, payment, or shipment. (*See id.* at A-111 to A-112, A-132 to A-135, A-196). The third screenshot (*id.* at A-163) shows a confirmed order for shipment to Illinois, but the purchased product was a non-infringing candle holder, not the product shown in the other two screenshots. (*See id.* at A-111 to A-112, A-132 to A-135, A-196). All prices in the screenshots (reproduced below) are denoted in Great Britain Pounds.



Screenshot 1



Screenshot 2



Screenshot 3

Lightzey examined its sales records and confirmed that it had made no sales

of any infringing product into Illinois or elsewhere in the United States. (*See id.* at A-154). On July 25, Lightzey informed the Plaintiff that the evidence did not support a claim of infringement in the United States or the Court's exercise of personal jurisdiction, and that the Sealed TRO lacked factual support. (*See id.* at A-127, ¶ 9; *id.* at A-166). Lightzey requested the Plaintiff to withdraw the Sealed TRO as a corrective measure. (*See id.* at A-127, ¶ 9).

Without addressing the lack of evidentiary support for the Sealed TRO or disclosing that it had expired, the Plaintiff instead sought informal discovery from Lightzey—first on August 4, then again on August 29, and finally on August 31— as a precondition to "consider an amicable resolution," to "explore the best course of action," and to "dismiss this defendant." (*See id.* at A-146, A-149, A-151) (reverse chronological order). On August 27, Lightzey warned the Plaintiff that it might move for attorney fees in connection with correcting the Plaintiff's mistakes. (*See id.* at A-150). Lightzey then provided the requested sales figures on September 1. (*See id.* at A-145). Plaintiff voluntarily dismissed Lightzey the following day. (Dkt. 55; Appx. II at A-79).

## SUMMARY OF THE ARGUMENT

This case is one of many in the Northern District of Illinois's "cottage industry" of "Schedule A" cases, which some scholars have described as abusive. *See, e.g.*, Eric Goldman, *A Sad Scheme of Abusive Intellectual Property Litigation*,

123 Colum. L. Rev. F. 183, 186–93 (2023); *accord Eicher Motors Ltd. v. P'ships & Ass'ns Identified on Schedule "A"*, No. 25-cv-2937, 2025 U.S. Dist. LEXIS 153243, at \*25 (N.D. Ill. Aug. 8, 2025) ("Schedule A cases may be more likely to harm the public interest than to favor it."). In denying a temporary restraining order in *Eicher Motors*, Judge Kness observed the problematic nature of Schedule A litigation:

> Having imposed an across-the-board stay in all newly-filed Schedule A cases on its docket, this Court has taken a fresh and close look at the propriety of the Schedule A mechanism. **That review has not been flattering**: as explained below, **the routine granting of preliminary injunctive relief in the absence of adversarial proceedings; the widespread sealing of judicial documents from public scrutiny; the pell-mell prejudgment freezing of defendants' assets to ensure the practical availability of a legal remedy; and the mass joinder of multiple defendants is unjustified under the procedural rules and should not continue.** Although the scourge of intellectual property theft and abuse is real, persistent, and highly damaging, the remedy for that problem must be sought by other means. Accordingly, Plaintiff's motion for a temporary restraining order is denied.

*Id*. at 3–4 (emphasis added).

> Judge Kness also dropped the following footnote in his opinion:

> It is this Court's respectful view that **guidance from the Court of Appeals concerning the propriety of the Schedule A mechanism would greatly aid the Judges of the Northern District of Illinois in adjudicating Schedule A cases**. After all, the content of this opinion could be misguided—or just plain wrong. To that end, the Court would entertain a motion by Plaintiff to certify this decision for an interlocutory appeal.

*Id*. at 28 n. 8 (emphasis added).

> This case presents the Seventh Circuit with an opportunity to review one

aspect of the propriety of Schedule A litigation—whether mere screenshots of alleged infringing products on a website, without more, can provide a colorable basis for personal jurisdiction over a foreign website operator. It is exceptional because the Plaintiff lacked any reasonable basis for personal jurisdiction *ab initio*. The district court's Order should be reversed to rein abusive Schedule A litigation in this Circuit.

A typical Schedule A case follows a formula. The plaintiff files a complaint, usually under seal, along with motions to freeze defendants' assets in online marketplace or third-party payment accounts and to obtain a temporary restraining order. These requests are rarely litigated adversarially, as plaintiffs almost always proceed under seal and *ex parte*. By the time any defendant appears, its account is often already frozen and funds restricted. At this juncture, the plaintiffs have the upper hand.

Here, the Plaintiff relied solely on screenshots of the alleged infringing product without more. No purchase of that product was ever completed, and no shipment to Illinois occurred. The only completed sale involved an unrelated product—a non-infringing candle holder—shipped to Chicago. It is undisputed that the record contains no evidence that 1) Lightzey's website targeted or exploited the Illinois market, 2) Lightzey contacted any Illinois residents, 3) any actual sale of the infringing product into Illinois occurred, and 4) the candle holder sale bore any

relation to this case. Taken together, those facts do not establish a reasonable basis for personal jurisdiction.

The Seventh Circuit has recognized the concern that "[p]remising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country." Courts must exercise caution in personal jurisdiction analysis in cases involving online contacts to ensure a defendant is not haled into court simply because it owns or operates a website accessible in the forum state, even if that website is "interactive." *See Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010) (quoting *Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 550 (7th Cir. 2004)) (cleaned up).

In a recent decision, this Court reaffirmed that "[p]ersonal jurisdiction is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *B.D. by & through Myers v. Samsung SDI Co.*, 143 F.4th 757, 772 (7th Cir. 2025) (quoting *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), *as corrected* (May 12, 2014)).

In disregard of this Court's precedents, the district court found "at least a colorable basis for personal jurisdiction in the facts Plaintiff knew at the time it filed

suit" (Appx. I at A-4), reasoning that "Plaintiff knew that Lightzey (1) sells infringing products on its website and (2) ships products to Illinois" (*id*. at A-198). That erroneous finding led to the conclusion that this case is not exceptional under 15 U.S.C. § 1117(a). (*Id*. at A-199). This error should be reversed for the reasons explained below.

## ARGUMENT

I.    **Issue A: The District Court Erred in Finding a Colorable Basis for Personal Jurisdiction Where the Only Evidence Consisted of Screenshots of an Interactive Website Accessible in Illinois.**

### 1.    Standard of Review

Issue A is a mixed question of fact and law and should be reviewed *de novo.* A mixed question of fact and law is defined as where "the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the [relevant] statutory [or constitutional] standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated." *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982). "Because adopting this portion of the district court's reasoning would govern future cases and because [this Court's] review entails primarily legal work rather than factual work," this Court reviews such a mixed question *de novo*. *Erdman v. City of Madison*, 91 F.4th 465, 473 (7th Cir. 2024).

### 2.    **The District Court Correctly Recognized the Principles of Purposeful Availment in this Circuit.**

Whether the Plaintiff filed this case without sufficient evidence to establish personal jurisdiction over Lightzey is pivotal to determining whether this case is exceptional under 15 U.S.C. § 1117(a). Lightzey, a Hong Kong company, is not alleged to be subject to general jurisdiction in Illinois; only specific jurisdiction is at issue. (*See* Appx. II at A-16, ¶ 2).

The specific personal jurisdiction inquiry has three prongs. *Samsung SDI*, 143 F.4th at 765. First, the defendant must purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws (the "Purposeful Availment Inquiry"). *Id.* (cleaned up). Second, an adequate connection must exist between the defendant's activities in the forum and the underlying lawsuit (the "Relatedness Inquiry"). *Id.* Third, personal jurisdiction must comport with fairness (the "Fairness Inquiry"). *Id*. Here, the record places the dispute on the Purposeful Availment Inquiry. (*See* Appx. II at A-16, ¶ 2).

On the Purposeful Availment Inquiry, the district court correctly recognized that "[j]udges in this district typically hold that they lack personal jurisdiction over an online merchant such as Lightzey who has not made any sales or shipments to purchasers in Illinois, unless the merchant has made other specific efforts to target or avail itself of the forum; it is not enough for its website to be accessible in the forum jurisdiction." (Appx. I at A-2) (citing Seventh-Circuit precedents and N.D. Ill. cases). The district court specifically recognized that neither an offer for sale on

interactive websites alone nor online advertising without forum targeting is sufficient to establish personal jurisdiction. (*See id.* at A-197 to A-198); *see also Vortex, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 22 CV 4189, 2023 WL 7386059, at *4 (N.D. Ill. Nov. 8, 2023) (comparing Seventh-Circuit precedents). The district court also correctly recognized that "the sale of even a single infringing product to the forum can be sufficient [contact to establish personal jurisdiction]." (*See* Appx. I at A-2); *see also Shenzhen Aji Fashion Tech. Co. v. WhaleCo Inc.*, No. 23 CV 14043, 2024 WL 2845974, at *4 (N.D. Ill. June 5, 2024).

The district court noted that it "might seem" fair to require Schedule A plaintiffs seeing *ex parte* TROs to ensure jurisdiction before filing suit, given that defendants have no opportunity to contest such orders that freeze assets. (*See* Appx. I at A-3). Yet, despite acknowledging that the first two screenshots "did not show that the purchase of [the infringing] product had been completed" (*id.* at A-196) and that the third screenshot reflected an order that "was … not the infringing [product]" (*id.*), the district court nevertheless held that the Plaintiff can avoid sanctions. (*See id*. at A-197 to A-198). The district court offered several reasons. (*See id.* at A-198 to A-199). Appellant respectfully disagrees.

### 3. The District Court Erred by Failing to Apply the Established Pleading Standard to the Plaintiff.

The district court's first reason for finding a colorable basis for personal

jurisdiction was its view that "the Court is not aware of authority establishing that plaintiffs must be in possession of facts establishing personal jurisdiction to a certainty from the very outset of the case." (*Id.* at A-198).

First, although correct in a narrow sense, the district court's statement does not relieve the Plaintiff its *Twombly/Iqbal* burden. "To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Webber v. Armslist LLC*, 70 F.4th 945, 958 (7th Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While certainty is not required, *Twombly/Iqbal* demands sufficient factual matter to permit a reasonable inference of a facially plausible claim. Personal jurisdiction rests on facts, and the same standard applies. The Plaintiff failed to meet that burden by offering no evidence of Lightzey's actual sales of infringing products to Illinois residents—a factor the district court itself recognized as key to establish personal jurisdiction. (*See* Appx. I at A-2). The district court erred in excusing the Plaintiff from its *Twombly/Iqbal* obligations.

Second, the record is undisputed that Lightzey had never sold the alleged infringing products to Illinois residents, yet the district court improperly discounted

this factor in its jurisdictional analysis. The plaintiff bears the burden of establishing personal jurisdiction. *See N. Grain Mktg., LLC v. Greving,* 743 F.3d 487, 491 (7th Cir.2014). Where no evidentiary hearing is held, the plaintiff must at least make a *prima facie* showing of personal jurisdiction. *See NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022).

### 4. The District Court Erred by Impermissibly Prioritizing Discovery over the Threshold Question of Personal Jurisdiction.

In a recent decision, this Court reaffirmed that "[p]ersonal jurisdiction is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Samsung SDI*, 143 F.4th at 772 (quoting *Advanced Tactical Ordnance Sys.*, 751 F.3d at 800). "Say jurisdictional and merits defenses over-lap. The first cannot be circumvented by relying on the possibility that the second may later come into play." *Id.* (citing *LG Chem, Ltd. v. Superior Ct. of San Diego Cnty.*, 295 Cal. Rptr. 3d 661, 682 (2022)). Filing suit while ***knowing*** jurisdiction is unsupported by the available facts is precisely the circumvention that *Samsung SDI* forbids.

At the time of filing, the pleading contained no evidence that Lightzey had made any actual sale of the alleged infringing product into Illinois. (*See* Appx. II at A-15 to A-41). The screenshots submitted with the motion for the Sealed TRO—though never incorporated into the pleading by amendment—likewise showed only a completed purchase of a candle holder, not the alleged infringing product. (*See id.*

at A-111 to A-112, A-132 to A-135, A-196). Such evidence is insufficient to provide a reasonable basis for personal jurisdiction under Seventh Circuit law.

In attempting to justify its litigation, the Plaintiff repeatedly misstated the law in opposing the Motion for Attorney Fees. (*See, e.g., id*. at A-177 ("The question of personal jurisdiction does not negate Plaintiff's reasonable belief that infringement was occurring and needed to be addressed."), A-180 ("Even if personal jurisdiction is lacking, that does not mean there was no infringing activity. The potential absence of jurisdiction only impacts the Court's ability to hear the case, not the existence of infringement."), A-181 ("This provided a reasonable basis to pursue the case, *irrespective of whether personal jurisdiction would ultimately be established*.") (emphasis added)). These arguments disregard settled law forbidding circumvention of the threshold jurisdictional inquiry. The Seventh Circuit has cautioned that "premising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country." *Hemi*, 622 F.3d at 760 (quoting cases). The district court erred by failing to apply those principles.

Courts may allow jurisdictional discovery "if necessary," recognizing that a plaintiff may not possess certain jurisdictional facts when filing the suit. (*See* Appx. I at A-3). But discovery is permitted only where the plaintiff shows that the record

is at least ambiguous or unclear on the jurisdiction question. *See Gillam v. Abro Kalamazoo 3, Inc.*, 712 F. Supp. 3d 1079, 1084 (N.D. Ill. 2024) (cleaned up). Even under this low threshold, discovery is not permitted based on "bare, attenuated, or unsupported assertions of personal jurisdiction." *See id.* The absence of a *prima facie* showing of personal jurisdiction does not justify seeking discovery to create one. *See id.*

Here, the Complaint and the Sealed TRO motion relied solely on Lightzey's accessible websites displaying the alleged infringing product, without more, along with alleged advertising or offering for sale on that website, to support personal jurisdiction. (*See* Appx. II at A-15 to A-41, A-167 to A-195). Absent concrete evidence, such allegations cannot constitute a "colorable showing" of personal jurisdiction, because the record is neither ambiguous nor unclear: no actual sale of the infringing product into Illinois by Lightzey exists. *See Gillam*, 712 F. Supp. 3d at 1084. The district court erred by reciting the correct principles yet disregarding the absence of facts to support personal jurisdiction. (*See* Appx. I at A-3) ("As a general matter, it is not 'exceptional'—i.e., an obviously erroneous or unreasonable departure from the typical practice—to bring suit in a particular forum even though jurisdiction may depend on facts that the plaintiff lacks because they are only possessed by the opposing party.").

Both cases the district court relied upon are distinguishable. In *Deckers*

*Outdoor*, the individual defendant was the sole owner and shareholder of all corporate defendants, acted as the corporate representative contracting for UGG-branded products, and operated the entities that performed the contract. *Deckers Outdoor Corp. v. Wolverine Grp. Pty Ltd*, No. 1:24-CV-3164, 2025 WL 1222471, at *3 (N.D. Ill. Apr. 28, 2025). There, the court found a colorable showing of alter ego claims based on those overlapping relationship and permitted jurisdictional discovery to resolve ambiguities in corporate structures and operations. Here, by contrast, the record is neither ambiguous nor unclear—no actual sale of the infringing product into Illinois by Lightzey exists.

In *Zurich*, the court permitted jurisdictional discovery to address subject matter jurisdiction. *Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18 C 2115, 2018 WL 3770085, at *1 (N.D. Ill. Aug. 9, 2018). That case is inapposite here, as subject-matter jurisdiction is not in dispute.

### 5. Mere Accessibility of a Website, Without More, Does Not Provide a Colorable Basis to Establish Personal Jurisdiction.

The district court's finding that the Plaintiff had a colorable basis for personal jurisdiction at the time of filing effectively reduces to the proposition that mere accessibility of a website, without more, suffices to establish personal jurisdiction. That conclusion conflicts with Seventh Circuit precedent. In *Hemi*, for example, the defendant operated a website selling cigarettes and actually sold and shipped cigarettes to Illinois. *See Hemi*, 622 F.3d at 755. The Court's holding that the

defendant purposefully availed itself of Illinois rested on those sales and the fact that the website targets at 49 states, including Illinois—"not merely because it operated several interactive websites." *See id.* at 760.

In *Ivanov*, a trademark infringement case involving an online matchmaking service, the plaintiff submitted a printout showing that 20 individuals with Illinois addresses had created dating profiles on the defendant's globally accessible website. Nevertheless, this Court held that the defendant had not deliberately targeted or exploited the Illinois market and therefore lacked personal jurisdiction. *See be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011).

In *Advanced Tactical Ordnance Sys.*, a case involving trademark infringement, this Court considered whether personal jurisdiction could rest on the defendant's interactive website accessible in Indiana, combined with a website-posted notice allegedly infringing the plaintiff's trademark and emails sent to Indiana residents. *See Advanced Tactical Ordnance Sys.,* 751 F.3d at 803. The holding is no. *See id.*

In *Matlin*, two inventors sued their former company in Illinois for royalties on their products. *See Matlin v. Spin Master Corp.*, 921 F.3d 701, 703–04 (7th Cir. 2019). In opposing dismissal, the inventors' counsel submitted evidence and a declaration stating that he purchased and received a single patented product in Illinois from the defendant's website. *See id.* at 704. This Court distinguished *Matlin*

from *Hemi* and held that personal jurisdiction is lacking because the sale was unrelated to the litigation and occurred after the case had been filed. *See id.* at 706–07.

In *Curry*, a case involving trademark dilution claims, this Court found personal jurisdiction over the defendants based on several facts: the defendant 1) sold products through their websites, 2) required customers to select a shipping address on its website, including Illinois as an option, 3) sent post-purchase emails to Illinois purchasers confirming orders with listed Illinois shipping address, and 4) ***actually sold*** products to Illinois residents. *See Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 399 (7th Cir. 2020) (emphasis added).

In *NBA Props.*, another Schedule A trademark infringement and counterfeiting case, the defendant operated an online store, offered to ship goods to Illinois, fulfilled an order, and ***actually shipped*** an infringing product to Illinois. *See NBA Props.*, 46 F.4th at 624. This Court held that personal jurisdiction was proper. *See id.*

Here, aside from the website's accessibility in Illinois, the record shows no evidence that 1) Lightzey's website targeted or exploited the Illinois market, 2) Lightzey contacted any Illinois residents, 3) any actual sale of the infringing product into Illinois by Lightzey occurred, and 4) the candle holder sale was related to this case. Taken together, those facts do not provide a reasonable basis for personal

jurisdiction.

"Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is interactive." *Hemi,* 622 F.3d at 760 (cleaned up). Disregarding that guidance, the district court concluded that the screenshots showing mere website accessibility—coupled with the purchase of unrelated products to be shipped to Illinois—without more, were sufficient to provide a colorable basis for personal jurisdiction over Lightzey.

## II.    Issue B: The District Court Erred in Finding That This Action Was Not "Exceptional" Under 15 U.S.C. § 1117(a) Where the Plaintiff Lacked a Reasonable Basis for Personal Jurisdiction from the Outset and Engaged in Abusive Litigation Conduct.

The standard to review a district court's decision to deny attorney fees under § 1117(a) is abuse of discretion. *See LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*, 988 F.3d 962, 965 (7th Cir. 2021); *4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*, 939 F.3d 905, 913 (7th Cir. 2019). Under this deferential standard, only "an erroneous conclusion of law, a record that contains no evidence rationally supporting the court's decision, or facts that are clearly erroneous as the district court found them" are reversible. *Jergenson v. Inhale Int'l Ltd.*, No. 24-1177, 2024 WL 4430531, at *2 (7th Cir. Oct. 7, 2024) (citing *Rosemoor Suites*). What matters is "whether any reasonable person could agree with the district court." *Rosemoor*

*Suites*, 988 F.3d at 967 (quoting *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 563 (7th Cir. 1984)).

A case is exceptional under § 1117(a) if it meets either of the two tests: 1) the case stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case); *or* 2) it was litigated in an unreasonable manner. *See LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 386 (7th Cir. 2019) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)); *4SEMO.com*, 939 F.3d at 913 (citing same). The "stands out" standard is lower than requiring both "subjective bad faith and objective baselessness." *See Perillo*, 942 F.3d at 387. The "unreasonable manner" threshold is lower than "material, sanctionable litigation misconduct." *See id.*

District courts assess exceptionality case by case, considering the totality of the circumstances and exercise of equitable discretion. *See Perillo*, 942 F.3d at 386, 388–89. Relevant factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *See Rosemoor Suites*, 988 F.3d at 965. Exceptionality must be shown by a preponderance of the evidence. *See id.* at 966.

### 1. Substantive Strength of Litigation Position

Under the "objective unreasonableness" factor, this case is substantively weak because the Plaintiff could not have had a reasonable basis for personal jurisdiction from the outset. *See* Section I, *supra*. In opposing the Motion for Attorney Fees, the Plaintiff sought to avoid this deficiency by repeating incorrect statements about circumventing jurisdictional requirements. (*See, e.g.,* Appx. II at A-181) ("This provided a reasonable basis to pursue the case, ***irrespective of whether personal jurisdiction would ultimately be established***.") (emphasis added). Yet this Court has reaffirmed that a court without personal jurisdiction is powerless to act. *See Samsung SDI*, 143 F.4th at 772. A case in which the court has no power to proceed is substantively weak and "stands out from others" in view of both law and facts. *See Perillo*, 942 F.3d at 386; Section I, *supra* (discussing the governing law on personal jurisdiction and the facts of the case).

In its Opposition, the Plaintiff repeatedly misstated Seventh Circuit law on personal jurisdiction and substituted infringement analysis for jurisdictional analysis. For example, in summarizing *Hemi*, the Plaintiff omitted the critical fact that the defendant sold and shipped cigarettes to Illinois through its website. (*See* Appx. II at A-179); *c.f.* discussion on *Hemi* in Section I.5, *supra*. Likewise, in summarizing *NBA Props.*, it omitted the key fact that the defendant actually shipped an infringing product to Illinois. (*See* Appx. II at A-179); *c.f.* discussion on *NBA Props.* in Section I.5, *supra*. Beyond these two misstatements, its submission contained no on-point

discussion of personal jurisdiction, relying instead on pages of infringement analysis. (*See, e.g.,* Appx. II at A-180) ("Lightzey incorrectly suggests that because the Court may lack personal jurisdiction over it due to the absence of U.S. sales, Plaintiff's infringement claims are baseless."). But Lightzey never argued that infringement claims were baseless; it presented a narrower point: "Plaintiff's personal jurisdiction assertion is baseless." The Plaintiff did not validly rebut that point.

Despite acknowledging the weak evidentiary showing and the Plaintiff's tenuous jurisdictional basis, the district court concluded it "is not prepared to say that it was so little to go on that filing suit" was improper, reasoning that "Plaintiff knew that Lightzey (1) sells infringing products on its website and (2) ships products to Illinois." (*See* Appx. I at A-3). Lightzey respectfully disagrees.

What the Plaintiff knew at filing—specifically, that "[Lightzey] (2) ships products to Illinois," as the district court found—does not meet the legal standard for establishing *prima facie* personal jurisdiction. The district court itself recognized that personal jurisdiction over an online merchant is lacking where the merchant operates a website accessible in Illinois but has made no sales or shipments of infringing products to Illinois and has not otherwise targeted the forum. *See* Section I.2, *supra*. At the time of filing and moving for Sealed TRO, the Plaintiff possessed only screenshots showing the website's accessibility and a single sale of a non-infringing candle holder to Illinois. Shipment of the non-infringing product to

Illinois is unrelated to the asserted claims.

Therefore, the district court erred in finding the Plaintiff had a colorable jurisdictional basis to file suit. Lacking any reasonable basis for personal jurisdiction, this case is substantively weak and should be deemed exceptional under § 1117(a).

### 2. Unreasonable Manner of Litigation

Plaintiff knew there was no evidence supporting jurisdiction over Lightzey when it filed the Complaint, which contained no evidence on the actual sale, and when it sought the Sealed TRO, which was supported only by screenshots showing no completed purchase of the alleged infringing product. (*See* Appx. II at A-15 to A-41, A-111 to A-112, A-132 to A-135; Appx. I at A-1). The Sealed TRO would not have been issued without those screenshots. In granting it, the district court relied on the Plaintiff's submission to find personal jurisdiction over Defendants "in the absence of adversarial presentation." (*See* Appx. II at A-44). Specifically, the district court concluded that "Plaintiff ***has provided a bases to conclude*** that Defendants have targeted sales to Illinois residents by … and ***have sold*** [infringing] products to residents of Illinois." (*Id.* at A-44 to A-45) (emphases added). The record shows the district court was led to believe an infringing sale occurred, though no screenshot showed an actual sale of the alleged infringing product into Illinois. By failing to disclose, or by withholding, that material fact, the Plaintiff misled the district court to obtain the Sealed TRO. This conduct, if not violation of the duty of candor, is at

minimum an unreasonable manner of litigation.

The record shows that the Plaintiff was put on notice of the jurisdictional deficiency as early as July 25, 2024, by Lightzey's counsel. (*See* Appx. II at A-156). By August 2, 2024, the Plaintiff was also on notice that Lightzey had never made a sale to the United States. *See id.* at A-154. As the party bearing the initial burden of establishing personal jurisdiction, the Plaintiff should have promptly taken corrective actions—such as supplementing the record with proper evidence, dismissing Lightzey for lack of personal jurisdiction, or unfreezing Lightzey's PayPal account. It did none of these.

Instead, it repeatedly refused to take corrective actions when urged by Lightzey's counsel. (*See* Appx. II at A-127, ¶ 8; *id.* at A-137). Lightzey gave the Plaintiff ample opportunities to remedy the issue, but the Plaintiff declined for more than a month. During this period, the Plaintiff's counsel first misstated the law, asserting that "[a]ny offer for sale available to a US purchaser is sufficient to confer jurisdiction over an internet defendant in Illinois." (*See id.* at A-155). Then, despite being on notice that Lightzey had made no U.S. sale and that personal jurisdiction is lacking, the Plaintiff's counsel ignored the on-point precedent provided by Lightzey's counsel (*see id.* at A-154) and instead sought informal discovery of Lightzey's sales figures as a precondition for settlement (*see id.* at A-152). But as discussed in Section I.4, seeking jurisdictional discovery without first making a

*prima facie* showing of personal jurisdiction is improper.

After nearly three weeks without response, Lightzey's counsel followed up to remind the Plaintiff to take the corrective actions. (*See id*. at A-150). Sidestepping all those requests, the Plaintiff's counsel again sought informal discovery of Lightzey's sales figures. (*See id.* at A-149). Having failed to meet its *prima facie* burden of establishing personal jurisdiction, the Plaintiff repeatedly and improperly attempted to shift that burden onto the non-burdened party.

Only after a final warning email from Lightzey's counsel on August 29 did the Plaintiff's counsel concede that the shipping screenshot of the non-infringing candle holder had been "mistakenly included" and was "intended for internal use only [] to confirm that products from this website can be shipped to Illinois." (*See id*. at A-147). Yet even after admitting this fatal error undermining personal jurisdiction that dooms this suit from the outset, the Plaintiff's counsel still demanded $2,000 to settle. (*See id.*) When reminded of the duty of candor to the district court, the Plaintiff's counsel finally agreed to dismiss Lightzey—but only on condition that its request for informal jurisdictional discovery was satisfied. (*See id.* at A-146). Lightzey provided the requested screenshot, and was dismissed the next day. (*See id.* at A-144 to A-145).

During this back-and-forth, the Sealed TRO inexplicably remained in effect even after its June 25 expiration, leaving Lightzey's PayPal account frozen. (*See id*.

at A-196 to A-197)2. As the responsible contact to PayPal, the Plaintiff's counsel should have learned of this fact once notified by Lightzey on July 22. (*See id.* at A-160). Yet throughout two months of communication, the Plaintiff's counsel never explained for why the Sealed TRO continued beyond expiration and why it took no corrective action to unfreeze the account. (*See id.* at A-146 to A-160). Maintaining the freeze after the Sealed TRO's expiration is an abuse of the judicial process. This unreasonable manner of litigation alone makes this case exceptional.

In summary, Plaintiff launched a coordinated stealth attack on hundreds of defendants, including Lightzey, by filing under seal a Complaint despite lacking evidence to support personal jurisdiction from the outset. Employing the standard tactics of Schedule A litigation, it then filed under seal a Motion for Sealed TRO supported by mistaken evidence that did not establish personal jurisdiction and obtained the Sealed TRO by misleading the district court to believe that there had been an actual sale of the infringing product by Lightzey to Illinois. The Sealed TRO restrained Lightzey's assets held in its PayPal account and continued to do so even after it had expired.

When Lightzey notified it the lack of personal jurisdiction, the Plaintiff first attempted to bluff Lightzey by misstating the law, then used the frozen PayPal account as leverage to seek informal jurisdictional discovery despite having failed to meet its initial burden of establishing personal jurisdiction. Without disclosing the

status of the Sealed TRO, the Plaintiff's prolonged the litigation by sidestepping Lightzey's communication, repeatedly attempting to shift the burden of proving jurisdiction (and eventually succeeded), and demanding unjustified payment as a precondition to correcting its mistake, that is, to unfreeze the Lightzey's PayPal account that should have been unfrozen before the parties' first contact. The Plaintiff protracted the long-overdue dismissal until Lightzey eventually yielded to its demand for jurisdictional discovery. To this day, the Plaintiff still has not amended the Complaint or any court filing to correct its mistake on jurisdictional evidence.

All of the above conducts, viewed in totality, constitutes an unreasonable manner of litigation. Nevertheless, the district court concluded it "is not prepared to say that … seeking informal discovery of sales to Illinois before voluntarily dismissing the case amounted to unreasonable litigation conduct or reflected a frivolous litigation position." (*See* Appx. I at A-3). Lightzey respectfully disagrees. As discussed in Section I.4, the Complaint and the Sealed TRO motion relied only on the accessibility of Lightzey's website. Without concrete evidence, such allegations cannot constitute a "colorable showing" of personal jurisdiction, because the factual record is neither ambiguous nor unclear that no actual sale of the infringing product to Illinois by Lightzey exists. *See Gillam*, 712 F. Supp. 3d at 1084. Therefore, the district court erred in not finding the Plaintiff engaged in unreasonable litigation conduct or reflected a frivolous litigation position.

Although not raised as an independent issue for review, notably, the Plaintiff failed to cite controlling Seventh Circuit authority in both its filings to the district court and in its communication with Lightzey. "The failure to cite to controlling authority or acknowledge the approach followed by the Seventh Circuit demonstrates a regrettable lack of candor." *U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 540 F. Supp. 2d 994, 1013 (N.D. Ill. 2008) (citing cases). The duty of candor to the court includes addressing relevant authority. *See In re Peachtree Lane Associates, Ltd.*, 188 B.R. 815, 824 at n. 7 (N.D. Ill.1995).

Therefore, as an alternative ground, this case should be deemed as exceptional under § 1117(a) due to the Plaintiff's unreasonable manner of litigation.

## CONCLUSION

For the foregoing reasons, Lightzey respectfully requests this Court to reverse the district court's Order denying its Motion for Attorney Fees and remand for further proceedings limited to determining an appropriate fee award.

August 21, 2025

Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui
District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Appellant-Defendant Lightzey, furnishes the following in compliance with F.R.A.P. Rule 32(a)(7):

I HEREBY CERTIFY that this brief conforms to the rules contained in F.R.A.P. Rule 32(a)(7) for a brief produced with a proportionally spaced font. The length of this brief is 6,940 words.

August 21, 2025

Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui
District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

*Counsel for Appellant*

## CIRCUIT RULE 30(d) STATEMENT

Pursuant to Circuit Rule 30(d), counsel certifies that all material required by

Circuit Rule 30(a) and (b) are included in the appendix.

August 21, 2025                         Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui
District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

*Counsel for Appellant*

☑

# CERTIFICATE OF SERVICE

**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on ___August 20, 2025___, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ ___Benjamin Bai___

☐

# CERTIFICATE OF SERVICE

**Certificate of Service When Not All Case Participants Are CM/ECF Participants**

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

counsel / party:                                     address:

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

s/ _____

# **<u>APPENDIX</u>**

# Table of Contents

Order Denying Defendant's Motion for Attorney Fees

entered May 28, 2025.............................................................................. A-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Louis Poulsen A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **No. 24 C 4260** |
| v. | ) | |
| | ) | **Judge Jorge Alonso** |
| The Partnerships and Unincorporated | ) | |
| Associations Identified in Schedule A, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Lightzey's motion for attorney fees [68] is denied. This case remains closed.

## STATEMENT

Defendant Lightzey claims that this is an "exceptional" case, *see* 15 U.S.C. § 1117(a), in which it is entitled to its reasonable attorney fees because Plaintiff, Louis Poulsen A/S, asserted counterfeiting claims under the Lanham Act, *see* 15 U.S.C. § 1125, without any good-faith basis for asserting personal jurisdiction. For the following reasons, the Court denies the motion.

### I.    Background

This is a "Schedule A" case in which Plaintiff sued 436 defendants, including Lightzey, for violating Plaintiff's trademark rights by selling infringing light fixtures online via third-party platforms or their own websites. As is typical in Schedule A cases, Plaintiff promptly moved *ex parte* for a temporary restraining order ("TRO") freezing any online accounts that the defendants used to conduct business, including Lightzey's PayPal account. The Court granted the motion and entered a sealed TRO on May 28, 2024.

Lightzey contacted Plaintiff to ask for a copy of the sealed court documents and any evidence supporting Plaintiff's claims. Plaintiff provided two screenshots showing an infringing product in an online shopping cart on Lightzey's website, but the screenshots did not show that the purchase of that product had been completed. These two screenshots were accompanied by a third, which showed that Lightzey had confirmed an online order for purchase and shipment to Illinois, but this order was for a non-infringing product, a candle holder, not the infringing light fixture shown in the other two screenshots. Lightzey examined its sales records and determined that it had made no sales of any infringing product in Illinois or indeed anywhere else in the United States.

For reasons that are not clear to the Court, Lightzey's PayPal account remained frozen even

after the expiration of the TRO, although no preliminary injunction against Lightzey ever issued. In late July 2024, Lightzey informed Plaintiff that the screenshot evidence Plaintiff had provided did not demonstrate that Lightzey had completed a sale of an infringing product to an Illinois purchaser, so there was "no jurisdiction" and "no factual basis for the TRO," and a "corrective action [was] in order." (Mot. for Attorney's Fees, Ex. 3, ECF No. 68-5 at 21.) In a follow-up email, Lightzey informed Plaintiff that its investigation of its sales records showed "no sale to the U.S. has ever been consummated." (*Id.* at 19.)

Plaintiff replied that the screenshot of the candle holder had been included by mistake; that screenshot was intended only for "internal use" to "confirm that products from [Lightzey's] website can be shipped to Illinois." (*Id.* at 12.) Plaintiff asked several times—first on August 4, 2024, then again on August 29, and finally on August 31—for screenshots of sales figures to confirm that Lightzey had made no U.S. sales of the infringing product. Lightzey provided the requested information on September 1, 2024. Plaintiff voluntarily dismissed Lightzey from the action the following day.

## II. Discussion

15 U.S.C. § 1117(a) provides that, "in exceptional cases" brought under the Lanham Act, "[t]he court . . . may award reasonable attorney fees to the prevailing party." To determine whether a case is "exceptional" for purposes of this fee-shifting provision, courts are to "examine the totality of the circumstances and exercise their equitable discretion." *LHO Chicago River, LLC v. Perillo*, 942 F.3d 384, 388-89 (7th Cir. 2019) (cleaned up). Courts are to consider factors "including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994)). The exceptional case "simply stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 510 U.S. at 554.

Lightzey argues that this case is "exceptional" because Plaintiff filed it without evidence sufficient to prove personal jurisdiction over Lightzey. Judges in this district typically hold that they lack personal jurisdiction over an online merchant such as Lightzey who has not made any sales or shipments to purchasers in Illinois, unless the merchant has made other specific efforts to target or avail itself of the forum; it is not enough for its website to be accessible in the forum jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) (citing *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014)); *Shenzhen Aji Fashion Tech. Co. v. WhaleCo Inc.*, No. 23 CV 14043, 2024 WL 2845974, at *4 (N.D. Ill. June 5, 2024) (citing *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624-25 (7th Cir. 2022)) ("[T]he mere fact that a defendant operates a website that can be accessed in a forum is generally insufficient to establish personal jurisdiction[, although] the sale of even a single infringing product to the forum can be sufficient."); *Vortex, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 22 CV 4189, 2023 WL 7386059, at *4 (N.D. Ill. Nov. 8, 2023) ("[O]ffering to

2

sell products on interactive websites alone is not enough to support personal jurisdiction."); *see also Mehta v. Starwood Hotels & Resorts, LLC*, No. 21-CV-01591, 2024 WL 4346611, at *5 (N.D. Ill. Sept. 30, 2024) (no purposeful availment or direction of activity toward Illinois where "Defendants' online advertising," though viewed in Illinois, "did not target any state"). Lightzey argues that Plaintiff lacked any basis for asserting personal jurisdiction over Lightzey without evidence that Lightzey had made sales to Illinois purchasers, which makes its conduct in this case unreasonable enough to qualify as "exceptional" under 15 U.S.C. § 1117.

This argument has a certain appeal; after all, given that Schedule A plaintiffs ask courts for *ex parte* TROs that freeze assets before defendants even have a chance to object, it might seem fair to require them to make certain that jurisdiction is secure before bringing suit. But the Court is not aware of authority establishing that plaintiffs must be in possession of facts establishing personal jurisdiction to a certainty from the very outset of the case. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 592 (7th Cir. 2021). As a general matter, it is not "exceptional"—*i.e.*, an obviously erroneous or unreasonable departure from the typical practice—to bring suit in a particular forum even though jurisdiction may depend on facts that the plaintiff lacks because they are only possessed by the opposing party. *See, e.g.*, *Deckers Outdoor Corp. v. Wolverine Grp. Pty Ltd*, No. 1:24-CV-3164, 2025 WL 1222471, at *3 (N.D. Ill. Apr. 28, 2025); *see also Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18 C 2115, 2018 WL 3770085, at *2 (N.D. Ill. Aug. 9, 2018) (subject-matter jurisdiction). "If the plaintiffs' allegations establish a 'colorable' showing of personal jurisdiction, the Court has discretion to order limited discovery that would allow plaintiffs to uncover facts that might establish jurisdiction." *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proc.*, 136 F. Supp. 3d 968, 973 (N.D. Ill. 2015) (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000)). Courts may allow for the possibility that certain jurisdictional facts may be out of the plaintiff's reach at the time the suit is filed and permit the plaintiff to take jurisdictional discovery if necessary. *See Deckers*, 2025 WL 1222471, at *3. The Court is unwilling to hold that Schedule A cases should be treated differently, as a rule, where Schedule A plaintiffs lack access to accused infringers' sales data until they file suit and seek discovery. *See, e.g., Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 CV 607, 2024 WL 3338942, at *3-5 (N.D. Ill. July 9, 2024).

Of course, Schedule A plaintiffs can typically purchase an infringing product in the forum state to ensure jurisdiction, but it does not follow that they *must* do so in *all* cases. *See, e.g., BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-CV-03720, 2022 WL 7501046, at *3 (N.D. Ill. Oct. 13, 2022). In this case, Plaintiff knew that Lightzey (1) sells infringing products on its website and (2) ships products to Illinois. While that may not be enough to establish personal jurisdiction conclusively, the Court is not prepared to say that it was so little to go on that filing suit and seeking informal discovery of sales to Illinois before voluntarily dismissing the case amounted to unreasonable litigation conduct or reflected a frivolous litigation position. *See Roadget*, 2024 WL 3338942, at *3-5; *Jergenson v. Inhale Int'l Ltd.*, No. 22 CV 2040, 2023 WL 8935005, at *2 (N.D. Ill. Dec. 27, 2023), *aff'd*, No. 24-1177, 2024 WL 4430531 (7th Cir. Oct. 7, 2024); *Expeditee LLC v. Entities Listed on Exhibit 1*, No. 21 C 6440, 2022 WL

3

1556381, at *5-6 (N.D. Ill. May 17, 2022); *see also Hayes v. FM Broad. Station WETT*, 930 F. Supp. 2d 145, 153 (D.D.C. 2013) (declining to award attorney fees to defendant under § 1117(a) because the case was "a run-of-the-mill case, brought in an arguably—though not actually— appropriate jurisdiction," based on "an unsettled area of . . . personal jurisdiction law").

Lightzey argues that Plaintiff was slow to voluntarily dismiss, requiring Lightzey to incur unnecessarily tens of thousands of dollars in attorney fees in the approximately six-week period between the initial email contact between the parties and the voluntary dismissal. The Court does not agree that Plaintiff's litigation conduct was unreasonable. After a brief email exchange in which Plaintiff had to request sales data several times, Plaintiff finally received sales data indicating that Lightzey had made no U.S. sales, and then it promptly dismissed the suit. This is not a case in which the plaintiff unreasonably dragged the defendant through months of costly discovery for no reason. *Cf. Jergenson*, 2024 WL 4430531, at *4. If the case was costly to Lightzey, this appears to be primarily because its counsel billed for more work than was necessary and appropriate under the circumstances; indeed, the fees Lightzey claims to have incurred defending this suit are wildly excessive. The Court need not go through all the reasons why Lightzey's fee petition is unreasonable, but it would be remiss if it did not point out that, apparently, Lightzey could have nipped this matter in the bud by promptly providing the sales data Plaintiff first requested on August 4, 2024, which Lightzey did not provide for several more weeks. Instead, Lightzey spent almost 50 hours working on this case until it was ultimately resolved by way of a brief email exchange about a relatively simple issue of personal jurisdiction. Then, Lightzey's counsel spent nearly 80 hours working on the present motion for attorney fees. The Seventh Circuit has explained that "the hours claimed to have been expended on the fee request [should] bear a rational relation to the number of hours spent litigating the merits of the case," and it is "patently unreasonable . . . to expend the same number of hours, or almost as many, on . . . a fee petition as . . . on the merits." *Spegon v. Cath. Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999). Lightzey spent approximately thirty more hours on the fee motion than on the merits, which is patently unreasonable.

Because there was at least a colorable basis for personal jurisdiction in the facts Plaintiff knew at the time it filed suit, this case is not the sort of "exceptional" case for which fee-shifting is appropriate. Plaintiff's conduct in this litigation was reasonable, and its legal positions were not frivolous. Defendant Lightzey's motion is therefore denied. This case remains closed.

**SO ORDERED.**                                         **ENTERED: May 28, 2025**

**JORGE L. ALONSO**
**United States District Judge**

4