# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

———————————

## LOUIS POULSEN A/S,

*Appellee-Plaintiff,*

v.

## LIGHTZEY,

*Appellant-Defendant.*

———————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division,
District Judge Jorge Alonso
No. 1:24-cv-04260

———————————

## APPELLANT'S REPLY BRIEF

———————————

J. Benjamin Bai
King & Wood Mallesons LLP
500 Fifth Avenue, 50th Floor
New York NY 10110
(212) 319-4755
benjamin.bai@cn.kwm.com

*Counsel of Record for Appellant*

(*Additional counsel on signature page*)

# Table of Contents

SUMMARY OF THE ARGUMENT ........................................................1

ARGUMENT ..................................................................................1

I.   Issue A Is Reviewable. ............................................................1

   1.   Issue A Is Reviewable Because It Is Pivotal to This Appeal. ...........2

   2.   Issue A Is Reviewable Because District Court Views Split.............3

II.  Issue B: This Case Is Exceptional Under 15 U.S.C. § 1117(a) Under *Octane Fitness*. .....................................................................................7

   1.   This Case Is Exceptional Under the "Substantive Strength" Test of *Octane Fitness*. ....................................................................................7

   2.   This Case Is Also Exceptional Under the "Litigation Conduct" Test of Octane Fitness.........................................................................9

   3.   Lightzey Need Not Challenge the District Court's Finding that its Fee Petition was Unreasonable...................................................................16

III.  The Appropriateness of Schedule A Cases Was Never Appealed.................17

CONCLUSION ..............................................................................17

CERTIFICATE OF COMPLIANCE ......................................................19

CERTIFICATE OF SERVICE ...........................................................20

**Table of Authorities**

CASE

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
    751 F.3d 796 (7th Cir. 2014)...............................................................3, 7

*B.D. by & through Myers v. Samsung SDI Co.*,
    143 F.4th 757 (7th Cir. 2025).............................................................3, 11

*be2 LLC v. Ivanov*,
    642 F.3d 555 (7th Cir. 2011)....................................................................6

*Bilek v. Fed. Ins. Co.*,
    8 F.4th 581 (7th Cir. 2021).......................................................................7

*BRABUS GmbH v. Individuals Identified on Schedule A Hereto*,
    No. 20-CV-03720, 2022 WL 7501046 (N.D. Ill. Oct. 13, 2022)............8

*Eicher Motors Ltd. v. P'ships & Ass'ns Identified on Schedule "A"*,
    No. 25-cv-2937, 2025 U.S. Dist. LEXIS 153243 (N.D. Ill. Aug. 8,
    2025).........................................................................................................16

*Erdman v. City of Madison*,
    91 F.4th 465 (7th Cir. 2024).....................................................................3

*Expeditee LLC v. Entities Listed on Exhibit 1*,
    No. 21-CV-6440, 2022 WL 1556381 (N.D. Ill. May 17, 2022) .............5

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021) ..................................................................................4

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983). ...............................................................................12

*Illinois v. Hemi Grp. LLC*,
    622 F.3d 754 (7th Cir. 2010)...................................................................13

*LHO Chicago River, L.L.C. v. Perillo*,
    942 F.3d 384 (7th Cir. 2019)....................................................................3

*LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*,

988 F.3d 962 (7th Cir. 2021) .................................................................9

*Magenav, Inc. v. Sevensellers, Inc.*,
    No. 21-CV-1742, 2022 WL 715423 (N.D. Ill. Mar. 10, 2022)..............6

*NBA Props., Inc. v. HANWJH*,
    46 F.4th 614 (7th Cir. 2022)................................................................15

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014) ...............................................................................3

*Pullman-Standard v. Swint*,
    456 U.S. 273 (1982) ...............................................................................3

*Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*,
    No. 24 CV 607, 2024 WL 3338942 (N.D. Ill. July 9, 2024) .................4

*Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*,
    No. 20-CV-5338, 2021 WL 825668 (N.D. Ill. Mar. 4, 2021)................6

STATUTE

15 U.S.C. § 1117(a) ............................................................................1

## SUMMARY OF THE ARGUMENT

To set the record straight: Lightzey does not request any advisory opinion from this Court to "address generalized criticisms, hypothesized scenarios, or fears about 'Schedule A' cases." *See* Plaintiff's Brief ("Plt. App.") at 4. Any such allegation commits strawman's fallacy.[1] Lightzey does not "propose" any "alternatives" (Plt. App. 6) but seeks review on application of the governing law. This appeal does not aim to chill legitimate intellectual property rights; it requires that such exercise comply with established law. The record reveals that Plaintiff misrepresented evidence, misled the court, misstated the law, and ignored identified errors, none of which is permissible as routine litigation practice.

This appeal centers on two issues: ("Issue A") whether mere screenshots of alleged infringing products on a website accessible in the State of Illinois, without more, can provide a colorable basis for personal jurisdiction over a foreign website operator; and ("Issue B") whether this case is exceptional under 15 U.S.C. § 1117(a) if Plaintiff lacked a reasonable basis for personal jurisdiction from the outset and engaged in abusive litigation conduct.

## ARGUMENT

### I.     Issue A Is Reviewable.

_____

[1] The Plaintiff keeps using the term "Defendant and the *amici* think…" throughout its brief without appreciating that Lightzey never made many of those alleged points and the fact that Lightzey and *amici* are independent parties in this appeal.

## 1. Issue A Is Reviewable Because It Is Pivotal to This Appeal.

Plaintiff concedes four propositions:

> Stated simply, plaintiff accepts that, in a "Schedule A" case, a plaintiff must have a good faith basis to allege jurisdiction that goes beyond the existence of a website. Plaintiff also agrees that, if a defendant challenges personal jurisdiction on the basis of contested facts, the district court treats jurisdiction as a threshold issue and requires a plaintiff to provide evidence supporting a *prima facie* claim of personal jurisdiction before subjecting the defendant to further burdens.
>
> Plaintiff also acknowledges that, in order to survive a motion to dismiss, a complaint must allege enough facts to state a claim to relief that is plausible on its face or, when the motion to dismiss on jurisdictional grounds is supported by evidence, produce evidence, not just rely on pleadings, supporting the exercise of jurisdiction. Finally, plaintiff acknowledges that its claim against defendant was predicated on specific, rather than general, personal jurisdiction, whose standards plaintiff does not contest.

(Plt. App. 20) (cleaned up). That this appeal arises "in the context of a fee petition," however, does not mean "there was no legal dispute to bring to this Court." (Plt. App. 20.) Nor does it transform the standard of review for Issue A from *de novo* to abuse of discretion. (*See id.* at 7.)

Issue A is pivotal. The district court rejected exceptionality based solely on its finding of a "colorable basis for personal jurisdiction." (Appx. I at A-4) ("Because there was at least a colorable basis for personal jurisdiction in the facts Plaintiff knew at the time it filed suit, this case is not the sort of 'exceptional' case for which fee-shifting is appropriate."). It follows that the absence of a reasonable basis for personal jurisdiction from the outset would render this case exceptional under

*Octane Fitness*'s "Substantive Strength" test. *See LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 386 (7th Cir. 2019) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). "Personal jurisdiction is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *B.D. by & through Myers v. Samsung SDI Co.*, 143 F.4th 757, 772 (7th Cir. 2025) (quoting *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), *as corrected* (May 12, 2014)). This issue demands *de novo* review. *See Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982); *Erdman v. City of Madison*, 91 F.4th 465, 473 (7th Cir. 2024). Plaintiff's assertion that no issues require *de novo* review (Plt. App. 8) therefore underestimates this fundamental question.

### 2. Issue A Is Reviewable Because District Court Views Split.

Plaintiff emphasizes that the district court cited cases finding it not exceptional to make jurisdictional allegations requiring additional proof. (*See* Plt. App. 21.) Yet judges in the Northern District of Illinois are split on personal jurisdiction in Schedule A cases, even among the decisions the order below relied upon. This divergence alone necessitates this Court's review of Issue A.

In *Roadget Bus*, the district court's primary authority (*see* Appx. I at A-3) to support its conclusion that Plaintiff's litigation conduct is not unreasonable or frivolous, Judge Jenkins relied on the principle established in *Ford Motor Co. v.*

*Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) and other precedents to hold that the relatedness inquiry for specific jurisdiction "need not be strictly causal." *See Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 CV 607, 2024 WL 3338942, at *3 (N.D. Ill. July 9, 2024) (J. Jenkins) (cleaned up) (emphasis added). Under that reasoning, Judge Jenkins found that an online store plus general e-commerce activity in the forum establishes *prima facie* personal jurisdiction, thereby deeming the plaintiff's litigation conduct reasonable:

> Defendants offer several reasons why Roadget has not met its *prima facie* burden, but the Court does not find them persuasive. They argue that "courts in this District agree that in infringement cases like this the online retailer generally must have sold at least one product in Illinois for personal jurisdiction to exist." And Defendants argue that Roadget's belief that they sell infringing products to customers in Illinois is insufficient to create a genuine dispute. The Court agrees with both propositions, but neither changes the outcome. Roadget's belief and speculation about other products does not create a dispute that requires an evidentiary hearing to resolve, *see Hyatt*, 302 F.3d at 713, and Defendants are correct that they must have done more than merely offer products for sale in Illinois to be subject to specific jurisdiction. **But Roadget alleges, and Defendants do not dispute, that they conduct e-commerce business in Illinois generally**. **That is more than a mere offer to sell, and *Ford* holds that contacts need not be strictly causal**—a claim *arises out of* sales to the forum state if that sale itself is actionable, but a claim may sometimes *relate to* sales of other goods in that forum. *See* 592 U.S. at 362. The fact that Defendants conduct e-commerce business in Illinois is enough for a *prima facie* case that Roadget's claims regarding other products Defendants sell from the same online storefronts relate to Defendants' jurisdictional contacts with Illinoi.

*Id.* at *4 (cleaned up) (emphasis added).

However, in *Expeditee*, another case the district court relied upon (*see* Appx. I at A-3), Judge Kocoras held the opposite view:

> Plaintiff claims that, as part of its preliminary investigation, **it purchased infringing products from the Moving Defendants that the Moving Defendants shipped to Chicago**. Such sales on their own are insufficient for the purposes of personal jurisdiction, for Plaintiff has not identified evidence of any transactions involving an allegedly counterfeit product between the Moving Defendants and Illinois customers, other than the "test buys." *See, e.g., Walden*, 571 U.S. at 285 (for personal jurisdiction, "the plaintiff cannot be the only link between the defendant and the forum"); *Native Am. Arts, Inc. v. Contract Specialties*, 2010 WL 658864, at *4–5 (N.D. Ill. 2010) (gathering cases holding that "a plaintiff cannot manufacture jurisdiction against an out-of-state defendant by purchasing that defendant's products from the forum state").

*Expeditee LLC v. Entities Listed on Exhibit 1*, No. 21-CV-6440, 2022 WL 1556381, at *4 (N.D. Ill. May 17, 2022) (J. Kocoras) (emphases added). Judge Kocoras denied exceptionality in that case anyway because:

> In the Court's view, an exceptional case designation is not warranted. On the record before us, we cannot conclude Plaintiff's action is frivolous or brought in bad faith. Indeed, **one of the Moving Defendants admitted in an email to Plaintiff's counsel "we know what we did was wrong when using your products without permission. We are deeply sorry for what we did and please accept our sincere apologies."**

*Id.* at *6.

Further, in *Rubik's Brand*, Judge Tharp, Jr. held:

> Even accepting Rubik's premise that the screenshot shows that an order could be placed by an Illinoisan, **displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois**. **That alone cannot**

**confer personal jurisdiction**.

*Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (J. Tharp, Jr.) (emphases added). In *Magenav*, aligning with Judge Kocoras's position, Judge Durkin held:

> One sale in Illinois simply does not show that Defendants targeted Illinois customers. Certainly, operating a website accessible in Illinois makes it likely that sales to Illinois customers will occur. But this is an inescapable fact of operating a generally accessible website…. **Magenav has not alleged that Defendants have any other contact with Illinois beyond the one sale**. **Without more, the Court cannot say that Defendants "targeted" Illinois and should have anticipated the possibility of being sued here**.

*Magenav, Inc. v. Sevensellers, Inc.*, No. 21-CV-1742, 2022 WL 715423, at *2 (N.D. Ill. Mar. 10, 2022) (J. Durkin) (emphases added). Both *Rubik's Brand* and *Magenav* agree that operating a website accessible in Illinois does not confer personal jurisdiction over its operator. In *Magenav*, Judge Durkin further held that jurisdiction is unwarranted even with an additional single sale. *See id.* at *2.

Lightzey has found no Seventh Circuit precedent where mere screenshots of alleged infringing products on a website accessible in Illinois, without more, provide a colorable basis for personal jurisdiction over a foreign website operator. *See* Defendant's Brief ("Deft. App.") at 18–20; *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum

state's market. If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."); *Advanced Tactical Ordnance*, 751 F.3d at 803 ("Having an interactive website ... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.").

District court judges have not aligned on Issue A. The cases relied on by the appealed order, *Roadget Bus* and *Expeditee*, have conflicting views. *Roadget Bus*'s position even conflicts with strings of precedents from this Court. These inconsistencies alone call for appellate review.

## II. Issue B: This Case Is Exceptional Under 15 U.S.C. § 1117(a) Under *Octane Fitness*.

### 1. This Case Is Exceptional Under the "Substantive Strength" Test of *Octane Fitness*.

The district court relied on *Bilek* for the view that plaintiffs need not possess facts establishing personal jurisdiction to a certainty from the outset (See Appx. at A-198). This is correct in its narrow context, as *Bilek* concerned whether defendant-hired telemarketers' robocalls to Illinois could establish *prima facie* specific jurisdiction through an agency relationship. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 589 (7th Cir. 2021). That question turns on whether the plaintiff sufficiently alleges that telemarketers were the defendant's agents. *See id.* Although the defendant

contends that "a plausible agency relationship is lacking because Bilek [*i.e.*, the plaintiff] did not allege that Health Insurance Innovations [*i.e.,* the defendant] controlled the timing, quantity, or geographic location of the alleged phone calls," the court determined that such details were unnecessary at the pleading stage. *See id.*

In *Bilek*, the "minute details" which the court found unnecessary at pleading stage refers to "the timing, quantity, or geographic location of the alleged phone calls," which related to pleading a plausible agency relationship. *Id.* at 588. That case is inapposite here, as no agency relationship is involved. The district court's generalization of that principle is thus correct only in *Bilek's* distinct context.

This case is further distinguished from *BRABUS*, upon which the district court relied for the proposition that Schedule A plaintiffs need not purchase an infringing product in the forum state to ensure jurisdiction. There, the record includes a screen shot of a page from Alibaba.com. *See BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-CV-03720, 2022 WL 7501046, at *3 (N.D. Ill. Oct. 13, 2022). The record does not show an actual sale but includes a chat log:

> The record also includes a chat log between Defendant and a would-be buyer. The buyer asked if Defendant shipped to Naperville, Illinois, and **Defendant responded: "Yes we can."** Defendant even gave **a specific price for the shipping costs** to that zip code. Defendant then sent an **invoice** showing shipment to Naperville, Illinois.

*Id.* (cleaned up) (emphases added). The district court held that those forum-targeting

communications are "more than enough to show purposeful availment." *See id.* However, no such forum-targeting communications are presented in the record in this case.

The "Substantive Strength" test from *Octane Fitness* hinges on whether mere screenshots of alleged infringing products on a website accessible in Illinois, without more, provide a colorable basis for personal jurisdiction over a foreign website operator. Neither the district court nor Plaintiff cites any non-conflicting case on point. Among the cases discussed, jurisdiction turns on whether **something more** exists beyond an accessible website: either prima facie jurisdiction is found with additional facts, or it is not. Thus, this case is exceptional under *Octane Fitness* where Plaintiff lacked a reasonable basis for personal jurisdiction from the outset.

### 2. This Case Is Also Exceptional Under the "Litigation Conduct" Test of *Octane Fitness*.

As an alternative ground for exceptionality under *Octane Fitness*, this case also fails the "Litigation Conduct" test, as no reasonable person could agree with the district court's conclusion. *See LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*, 988 F.3d 962, 970 (7th Cir. 2021). The Plaintiff's rebuttal reduces to two theories: (1) it filed and prosecuted a typical case in a professional manner; and (2) it acted within a deadline Lightzey provided.

Despite its 15-page argument on exceptionality, Plaintiff is inexplicably silent on three unreasonable conducts Lightzey's Opening Brief identified: (1) Plaintiff

filed a Motion for Sealed TRO supported by mistaken evidence that did not establish personal jurisdiction, misleading the district court into believing Lightzey made an actual sale to Illinois; (2) as the contact to PayPal, Plaintiff failed to lift the expired Sealed TRO and acted as if it remained in effect or a preliminary injunction existed, though none did; (3) after Lightzey's counsel rebutted Plaintiff's misstatement of law that "[a]ny offer for sale available to a US purchaser is sufficient to confer jurisdiction over an internet defendant in Illinois" (*See* Appx. II at A-155), Plaintiff's counsel ignored jurisdictional defects and sought informal discovery from Lightzey as a settlement precondition (*see id.* at A-152). While this Schedule A case may be typical, such conducts are not—they are unprofessional and exceptional.

First, Plaintiff's core argument that its claims were brought in "good-faith" (*see, e.g.,* Plt. App. 20) does not excuse its troubling conduct of misleading the court. There is a fundamental distinction between filing suit to later discover jurisdictional facts and filing suit while actively creating a false impression of a colorable jurisdictional basis. The Plaintiff did not merely hope to find evidence; it misled the court into erroneously believing that Defendant had made actual sales of infringing product to Illinois, resulting in the grant of a TRO.

In its Sealed TRO, the district court concluded that Plaintiff had "provided a basis to conclude that Defendants ***have targeted sales*** to Illinois residents by setting up and operating e-commerce stores that… ***have sold*** [infringing and

counterfeit] products… to residents of Illinois." (Appx. II at A-44 to A-45) (emphases added). While Plaintiffs' motion for temporary restraining order is filed under seal, (Appx. II at A-2), the record confirms the court was led to believe an actual infringing sale occurred, relying on three screenshots provided by Plaintiff. None of these screenshots, however, showed a sale into Illinois.

The third screenshot was critical, depicting an order confirmation for an irrelevant candle holder. Had it shown the accused product, it might have plausibly pleaded the "relatedness" prong for specific jurisdiction. With the candle holder confirmation, an unfilled gap in jurisdictional plausibility remained. Presenting two screenshots of the accused products alongside this third, irrelevant one, without any notice or explanation, was grossly misleading. By failing to disclose this material fact, Plaintiff blatantly misled the district court to obtain the Sealed TRO. Ill. Prof'l Conduct R. 3.3(d) ("In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.").

Plaintiff relies on the district court's statement that it is "not aware of authority establishing that plaintiffs must be in possession of facts establishing personal jurisdiction to a certainty from the very outset of the case." (Plt. App. 20.) However, proactively presenting misleading facts is not equivalent to lacking possession of facts. A party acting in good faith would have notified the court that the third

screenshot depicted an irrelevant product or simply omitted it. Plaintiff did neither.

Plaintiff concedes that at the case's commencement, it lacked information proving the absence of sales. (Plt. App. 16.) Yet it contends that "[u]ltimately, all parties could see that defendant had not made sales in the United States" (*id.*). This reveals a fundamental flaw: Plaintiff disregards the need for a colorable jurisdictional basis at the pleading stage, treating jurisdiction as if it were not a threshold issue. *C.f. Samsung SDI*, 143 F.4th at 772 ("Personal jurisdiction is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication.")

That flaw in Plaintiff's brief is consistent with its position all along. Plaintiff repeatedly misstated the law in opposing the Motion for Attorney Fees. (*See, e.g., id*. at A-177 ("The question of personal jurisdiction does not negate Plaintiff's reasonable belief that infringement was occurring and needed to be addressed."), A-180 ("Even if personal jurisdiction is lacking, that does not mean there was no infringing activity. The potential absence of jurisdiction only impacts the Court's ability to hear the case, not the existence of infringement."), A-181 ("This provided a reasonable basis to pursue the case, ***irrespective of whether personal jurisdiction would ultimately be established***.") (emphasis added)).

Plaintiff's own critique that Lightzey fails "to distinguish a conclusion from a commencement" applies here. (*See* Plt. App. 16.) Jurisdictional analysis is not

deferrable. *See Illinois v. Hemi Grp. LLC,* 622 F.3d 754, 760 ("premising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country.") Had it been, Plaintiff would not have resorted to misleading screenshots to establish jurisdiction initially.

Second, Plaintiff faults Lightzey for appealing "no controversies prior to defendant's fee petition" and labels this an impermissible "second major litigation" under *Hensley v. Eckerhart*, 461 U.S. 424 (1983). (*See* Plt. App. 15.) It further contends any challenge was untimely. (*See id.*) This argument inverts the respective duties of the parties. The obligation to correct its own misconduct rested with Plaintiff; Lightzey bore no duty to promptly urge Plaintiff to fulfill its fundamental litigation responsibilities.

The record shows Lightzey discovered its PayPal account was frozen on July 15, 2024. (*See* Appx. II at A-126 to A-127, ¶5; *id.* at A-132 to A-135). The Sealed TRO, however, had expired on June 25. (Dkts. 16 & 18; Appx. II at A-2 to A-3). Despite this, Lightzey's account remained frozen for unknown reasons, and no preliminary injunction was ever issued. (*See* Appx. I at A-2.) When Lightzey learned of the *Hensley* "first major litigation," it had no court order to dissolve but only an account to unfreeze. Pursuing informal resolution with Plaintiff was a reasonable

step to promote judicial economy and control costs, rather than immediately initiating formal motion practice (*e.g.*, "a motion to dissolve or modify an order, a motion to dismiss" as Plaintiff suggested). (*See* Plt. App. 15.) Plaintiff's laches criticism is baseless; this has always been the same litigation for Lightzey, not a "second" one.

Throughout subsequent interactions, Plaintiff's counsel never disclosed the expired TRO or the absence of a preliminary injunction to Lightzey. From July 22, when Lightzey first reached out, until September 3, when Plaintiff's counsel confirmed notifying PayPal to release the funds, Plaintiff acted as if the TRO remained in effect. (*See* Appx. II at A-136 to A-160.) No reasonable person would agree such actions were taken in good faith.

Third, the record shows that within two days of first contact, Lightzey's counsel notified Plaintiff that U.S. courts lacked jurisdiction. (*See* Appx. II at A-156.) Four days later, Plaintiff's counsel replied with an unsubstantiated and unusually strong statement: "Your jurisdictional argument is without merit. **Any offer for sale** available to a US purchaser **is sufficient** to confer jurisdiction over an internet defendant in Illinois" (*see id.* at A-155.), citing no legal authority. Lightzey's counsel provided supporting case law on August 2 and August 5. (*See id.* at A-150 to A-154.) Plaintiff's above assertion remained its final word on the issue throughout the email exchange. (*See* Appx. II at A-136 to A-160.)

Plaintiff was put on notice of the jurisdictional defects early. A "good-faith" litigator would have researched the law, which is settled in this Circuit: mere screenshots of infringing products, without more, cannot confer personal jurisdiction. Had Plaintiff in good faith disagreed with Lightzey's position, it would have maintained its stance and not voluntarily dismissed the case after confirming no actual sales. Had it accepted Lightzey's position, it would have corrected its misstatement of law and dismissed the case timely. Plaintiff did neither. It persisted in its uncorrected misstatement of law, ignored further legal discussion, and demanded informal jurisdictional discovery.

Such litigation conduct is troubling. It goes beyond a mere absence of supporting facts. It reflects either a failure to undertake the basic legal diligence required or an affirmative disregard of the governing law. Plaintiff attempts to minimize its conduct by asserting that Lightzey should have understood these requests as "routine." (Plt. App. 19.) They are not. No reasonable litigant would view the conduct at issue as routine.

The Plaintiff justifies its litigation conduct by complaining that:

> defendant differed from the bulk of the defendants in this case because it transacts its business through different means than others and, as a result, does not leave evidence of sales that is as readily detectable as others. In summary, because it had evidence that defendant offered infringing products (which defendant never contested, even informally) and evidence that purchases could be made from the United States to some products offered by defendant, plaintiff alleged on information and belief that defendant's contacts supported personal jurisdiction.

(Plt. App. 16, fn. 5.) That statement is flawed in two respects. First, it confirms that Plaintiff still contends an offer for sale accessible in the United States, coupled with an unrelated sale, establishes personal jurisdiction—without citing any authority. Second, the "no-ready-sales-evidence" argument rests on sand: despite acknowledging that "purchases could be made from the United States as to some products offered by defendant," Plaintiff never attempted to purchase an accused product and ship it to Illinois to establish jurisdiction. *C.f. NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022).

Plaintiff dismissed within the deadline Lightzey set, but that step does not outweigh the three unreasonable litigation acts discussed above. Viewed under the totality of circumstances, Plaintiff did not "voluntarily concedes as soon as it finds that its complaint lacks merit" as it claims. (Plt. App. 17.) Instead, Plaintiff kept the case as long as it realized it could not extract revenue from a defendant over whom the court lacked jurisdiction. Plaintiff was the "cheapest cost avoider": had it recognized and corrected its personal-jurisdiction errors, this matter would have ended with a few emails and both sides would have avoided fees. On this record, the timing of the voluntary dismissal does not defeat exceptionality.

### 3. Lightzey Need Not Challenge the District Court's Finding that its Fee Petition was Unreasonable.

The dispositive question is Issue A (*de novo*). Issue B (abuse of discretion) follows from its resolution. Fee entitlement turns on jurisdiction. This Court need

not assess the reasonableness of fees before resolving Issues A and B. As stated in the Opening Brief, Lightzey seeks a remand limited to calculating an appropriate fee award. The size of the award is an amount question, not entitlement. If the Order is reversed, the district court will exercise its discretion on amount.

### III. The Appropriateness of Schedule A Cases Was Never Appealed.

Lightzey did not appeal the "appropriateness of Schedule A cases," as its "STATEMENT OF ISSUES PRESENTED FOR REVIEW" makes clear. (*See* Deft. App. 2.) Plaintiff's 23 pages on that topic fall outside the issues for decision. (*See* Plt. App. 22–45). The Court should treat those discussions, and the *amici* brief in support of Appellee, as background only. From a judicial perspective, a district judge's views on Schedule A cases in the Northern District of Illinois appear in *Eicher Motors Ltd. v. P'ships & Ass'ns Identified on Schedule "A"*, No. 25-cv-2937, 2025 U.S. Dist. LEXIS 153243 (N.D. Ill. Aug. 8, 2025) (J. Kness).

## <u>CONCLUSION</u>

For the foregoing reasons, Lightzey respectfully requests this Court to reverse the district court's Order denying its Motion for Attorney Fees and remand for further proceedings limited to determining an appropriate fee award.

November 5, 2025

Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui
District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

*Counsel for Appellant*

<u>**CERTIFICATE OF COMPLIANCE**</u>

The undersigned, counsel of record for the Appellant-Defendant Lightzey, furnishes the following in compliance with F.R.A.P. Rule 32(a)(7):

I HEREBY CERTIFY that this brief conforms to the rules contained in F.R.A.P. Rule 32(a)(7) for a brief produced with a proportionally spaced font. The length of this brief is 4,306 words.

November 5, 2025

Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui
District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

*Counsel for Appellant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, counsel for the Appellant-Defendant Lightzey, hereby certifies that on November 5, 2025, the foregoing Appellant's Reply Brief has been served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

November 5, 2025

Respectfully submitted.

By: /s/ Benjamin Bai

J. Benjamin Bai
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110
Telephone: (212) 319-4755
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng
**King & Wood Mallesons**
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031 China
Telephone: (206) 499-2956
Email: harry.feng@cn.kwm.com

*Counsel for Appellant*